[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14571
Non-Argument Calendar
_____

D.C. Docket No. A095-163-516

MOHAMMED S. SHAIKH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(February 27, 2020)


Before JORDAN, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Mohammed S. Shaikh, proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") order denying his June 2019 motion to reopen his immigration proceedings.

In his June 2019 motion to reopen, Shaikh argued, as he had in a June 2018 motion to reopen, that the immigration court lacked jurisdiction over his immigration proceedings in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because his 2007 notice to appear ("NTA") lacked the time and date of his initial removal hearing. The BIA denied Shaikh's June 2019 motion to reopen as untimely and also declined to exercise its authority to *sua sponte* reopen Shaikh's removal proceedings because it had previously rejected Shaikh's *Pereira* arguments in denying his June 2018 motion to reopen.

In his petition for review filed with this Court, Shaikh reiterates his *Pereira*-based arguments about his defective NTA. The government has moved for summary denial of Shaikh's petition for review and, alternatively, to stay the briefing schedule and for an extension of 30 days in which to file its merits brief. The government points out that Shaikh does not argue that the BIA erred in determining that his June 2019 motion to reopen was untimely, and therefore, he has abandoned any argument to the contrary and his petition for review should be denied on that basis alone. In response, Shaikh again restates his *Pereira*-based

arguments without addressing the timeliness of his June 2019 motion to reopen or why summary disposition is not warranted.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the BIA's denial of a motion to reopen for an abuse of discretion, and any underlying legal determinations *de novo*. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). Review of the denial of a motion to reopen is limited to determining whether there has been an exercise of administrative discretion and whether that exercise was arbitrary or capricious. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). "Motions to reopen in removal proceedings are particularly disfavored." *Jian v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Courts of appeals have jurisdiction to review the BIA's decision that a motion to reopen is untimely and its decision that equitable tolling does not apply. *Mata v. Lynch*, 576 U.S. ___, 135 S. Ct. 2150, 2154-55 (2015). However, we do not have jurisdiction to review the BIA's decision denying a petitioner's motion

3

for *sua sponte* reopening.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292, 1294 (11th Cir. 2008).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, when an appellant fails to challenge properly on appeal one of the grounds independently relied on below, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

We grant the government's motion for summary denial of Shaikh's petition for review.  Shaikh's petition for review does not challenge the BIA's determination that his June 2019 motion to reopen the immigration proceedings against him was untimely.  Instead, Shaikh's petition for review merely argues based on *Pereira* that the BIA lacked jurisdiction over his immigration proceeding due to a defective NTA.  Accordingly, Shaikh has abandoned any challenge to the BIA's conclusion that his June 2019 motion to reopen was untimely, and denial of his petition for review is warranted on this basis alone.  *See id.*

We further note that we lack jurisdiction to address Shaikh's *Pereira* arguments because Shaikh did not timely petition this Court to review the BIA's April 2019 order denying his June 2018 motion to reopen, which was the BIA's

4

decision rejecting Shaikh's *Pereira* arguments on the merits.[1]  *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2004).  In any event, we have held that the failure to include the time and date of an alien's removal hearing in his NTA did not deprive the immigration court of jurisdiction over the removal proceedings.  *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153-55, 1157 (11th Cir. 2019).  In addition, less than a month after being personally served with his NTA, Shaikh was personally served with a Notice of Hearing indicating the time and date of his removal hearing.  Shaikh and his counsel appeared at his first removal hearing on January 15, 2008 at Krome Detention Center, where Shaikh was still detained.

Therefore, because there is no substantial question as to the outcome of the case, we hereby GRANT the government's motion for summary denial of Shaikh's petition for review and DENY as moot its motion to stay the briefing schedule.

---

[1]  We also lack jurisdiction to review the BIA's discretionary decision not to *sua sponte* reopen Shaikh's immigration proceedings.  *See Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285-86 (11th Cir. 2016).